JOSEPH P. McTEAGUE, Appellant, *v.* Mary McTEAGUE, Respondent.

*N. Y. Supreme Court, First Department, General Term, March* 29, 1889.

*Adverse Possession.*—Where a party has, for the period of upwards of twenty years been in possession of premises under claim of title by virtue of a deed, and has exercised acts of exclusive ownership thereon, collected the rents and dispossessed tenants and paid the taxes, to the knowledge of a person, and those under whom he claims, who have acquiesced in them during this time, the latter are too late to complain of them, and an action for partition is barred.

Appeal from a judgment entered upon a verdict, and the findings of fact and conclusions of law made by the trial judge after verdict, and from an order denying a motion to set aside the verdict, and for a new trial.

*Thomas J. McKee,* for appellant.

*Thornton Earl* &. *Kiendl,* for respondents.

MACOMBER, J.—The action is for the partition of certain real estate, situate on Third avenue, near One Hundred and Eleventh street, in the city of New York, consisting of a corner lot and a lot adjacent. The defendants, Charles and Mary, were the children of Patrick McTeague, deceased; the plaintiff and the other defendants were the children of John McTeague, deceased. John had owned the corner lot, and in his life-time had mortgaged it to the Northern Dispensary, who foreclosed, and Patrick bought the property at the sale. Patrick owned the adjacent premises, having obtained the deed thereof from the owner, one Carnley, in 1858.

Though the action was brought to partition both of these lots, at the trial, the plaintiff abandoned any claim to the corner lot, and abandoned the case against Charles W. McTeague, who owned it. The question, therefore, relates solely to the rights of the defendant, Mary McTeague. Lydia Ann Carnley, by deed bearing date April 14, 1858, conveyed these premises to Patrick McTeague; Patrick McTeague, in turn, conveyed them to Charles McTeague; Charles McTeague conveyed to Elizabeth McTeague, and the last named devised the same in fee to the defendant, Mary McTeague. The contention of the plaintiff is, that his father, John McTeague, had received a deed of these premises from Patrick McTeague (in whom was the record or legal title) in the year 1859. The record of such a deed is shown in the evidence.

The defendant, Mary McTeague, and her predecessors, under the Carnley deed, are shown to have been in possession of the premises certainly from the year 1861, claiming title thereto in good faith. They had claimed to own the premises by virtue of such title; had exercised acts of ex-

clusive ownership thereon; had collected the rents and dispossessed tenants, and paid taxes from that time until the beginning of this action. The plaintiff, and those under whom he claims, were knowing to these open, visible and emphatic acts of ownership, and acquiesced in them for upwards of twenty years, and, consequently, they are too late to complain of them now.

Without considering the question whether under this form of action, the question can properly be presented, the judgment should be affirmed with costs.

VAN BRUNT, Ch. J., and BRADY, J., concur.